ANDRA L. MANUEL, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 349, 2009.
Supreme Court of Delaware.
Submitted: August 11, 2009.
Decided: November 2, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice
This 2nd day of November, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The appellant, Andra L. Manuel, filed this appeal from the Superior Court's May 29, 2009 denial of his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Manuel's opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In November 2002, a Superior Court jury convicted Manuel of Trafficking in Cocaine, Possession of a Firearm During the Commission of a Felony, Carrying a Concealed Deadly Weapon, Resisting Arrest and Possession of Cocaine and Marijuana.[2] Thereafter, Manuel was declared a habitual offender and was sentenced to a total of forty-six years of incarceration suspended after thirty-seven years for decreasing levels of probation.
(3) On direct appeal, Manuel represented himself, arguing that the Superior Court erred in several respects when denying a pretrial motion to suppress that was filed by the defense. The Court rejected Manuel's arguments, however, and affirmed the convictions and sentence.[3]
(4) On April 11, 2007, Manuel filed a motion for postconviction relief. Again, Manuel argued that the Superior Court erred when denying the pretrial motion to suppress. Also, Manuel argued that his trial counsel was ineffective when presenting the motion to suppress to the Superior Court. Finally, in a supplement to his postconviction motion, Manuel argued that his trial counsel was ineffective when she failed to argue a claim based on prosecutorial misconduct.
(5) The Superior Court referred Manuel's postconviction motion to a Commissioner for proposed findings and recommendations. The Commissioner, in turn, directed that Manuel's trial counsel file an affidavit responding to the allegations of ineffectiveness and that the State file a response to Manuel's postconviction motion as supplemented. Thereafter, Manuel filed a reply.
(6) By report dated October 17, 2007, the Commissioner recommended to the Superior Court that Manuel's postconviction motion should be denied as procedurally barred under Rule 61(i)(3) and (i)(4). The Commissioner found that Manuel's suppression claims were formerly adjudicated and that Manuel's ineffective assistance of counsel claims were without merit.[4] On appeal from the Commissioner's report and recommendation, Manuel argued that his postconviction claims fell within the exceptions to the procedural bars of Rule 61(i)(3) and (i)(4).
(7) By order May 29, 2009, the Superior Court adopted the Commissioner's report and recommendation and denied Manuel's postconviction motion. On appeal, we review the Superior Court's denial of postconviction relief for an abuse of discretion.[5]
(8) In his opening brief, Manuel argues that this Court's 2008 decision in LeGrande v. State[6] provides a basis upon which to reconsider his suppression claims. In LeGrande v. State, this Court held that information gleaned from an anonymous tip was insufficient to establish probable cause to search the defendant's apartment because there was no corroboration by independent police work of the tipster's assertion of illegality.[7]
(9) Manuel's reliance on LeGrande is misplaced. Unlike the defendant in LeGrande, Manuel was wanted on outstanding warrants. And in Manuel's case, unlike in LeGrande, the Superior Court determined that the police gained entry with consent and that the subsequent pat-down search of Manuel was reasonable.
(10) Having carefully considered the parties' positions on appeal, we conclude, first, that the Superior Court did not err when concluding that Manuel's suppression-related postconviction claims were barred as formerly adjudicated. On appeal, Manuel has not demonstrated that reconsideration of the suppression claims is warranted in the interest of justice.[8]
(11) Second, we conclude that the Superior Court did not err when determining that Manuel's ineffective assistance of counsel claims, including his claim that counsel was ineffective when she did not argue a claim of prosecutorial misconduct, were without merit and were thus procedurally defaulted for his failure to demonstrate cause and prejudice.[9] On appeal, as in the Superior Court, Manuel has not demonstrated that he was prejudiced as a result of his trial counsel's representation at trial or that his trial counsel's representation was unreasonable.[10]
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] In a separate nonjury trial in December 2002, Manuel was convicted of a previously severed charge of Possession of a Deadly Weapon by a Person Prohibited.
[3] Manuel v. State, 2004 WL 716772 (Del. Supr.).
[4] See Del. Super. Ct. Crim. R. 61(i)(4) (providing that any ground for relief that was formerly adjudicated is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice).
[5] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[6] LeGrande v. State, 947 A.2d 1103 (Del. 2008).
[7] Id. at 1105.
[8] Del. Super. Ct. Crim. R. 61(i)(4).
[9] See Del. Super. Ct. Crim. R. 61(i)(3) (providing that any ground for relief that was not previously asserted is barred unless the movant demonstrates cause for relief from the procedural default and prejudice as a result of the violation of the movant's rights).
[10] See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (holding that a defendant claiming ineffective assistance of counsel must show that counsel's representation fell below an objective standard of reasonableness and was prejudicial).