IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRA L. MANUEL, | § | |
| | § | No. 358, 2015 |
| Defendant Below-Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 0111015184A |
| | § | |
| Plaintiff Below-Appellee. | § | |

Submitted: January 20, 2016
Decided: January 28, 2016

Before **HOLLAND, VALIHURA,** and **SEITZ,** Justices.

# **O R D E R**

This 28th day of January 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, who was convicted of six drug-related charges in 2002, appeals the Superior Court's decision summarily dismissing his Rule 61 motion, which sought to vacate his convictions based on newly discovered evidence at the former Office of the Chief Medical Examiner ("OCME").[1] This is Manuel's second Rule 61 motion. The Superior Court denied his first Rule 61 motion on May 29, 2009,[2] and this Court affirmed that denial.[3]

---

[1] *State v. Manuel*, I.D. No. 0111015184A (Del. Super. June 19, 2015).
[2] *Manuel v. State*, I.D. No. 0111015184A (Del. Super. May 29, 2009).
[3] *Manuel v. State*, 2009 WL 3587934 (Del. Nov. 2, 2009).

(2) Manuel's primary challenge is to Rule 61 itself. He argues that the June 2014 amendment to Rule 61 may not be applied to him. That challenge is without merit and one that we have recently rejected in other cases.[4]

(3) At best, Manuel argues that had he known of the OCME misconduct in 2002—some twelve years before problems at the OCME emerged—he could have cross-examined the OCME chemist who testified at his trial more effectively. He asserts that this chemist has been implicated in certain misconduct, such as drylabbing, in certain other cases. Manuel has not advanced an argument that he was actually innocent, much less one that he possesses evidence creating a "strong inference" of his actual innocence. Therefore, the Superior Court was correct to dismiss his Rule 61 motion as procedurally barred.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of June 19, 2015 is AFFIRMED.

BY THE COURT:

Justice

---

[4] *See, e.g.*, *Williams v. State*, 2015 WL 7776322, at *1 (Del. Dec. 2, 2015); *Turnage v. State*, 2015 WL 6746644, at *1 (Del. Nov. 4, 2015).