IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE E. LEATHERBURY, | § | |
| | § | No. 423, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1303015116 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 21, 2015
Decided: March 1, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 1st day of March 2016, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    Following his arrest in March 2013, the appellant, Jermaine E. Leatherbury, was indicted on charges of drug and drug-related offenses, including Aggravated Possession of Heroin, Drug Dealing in Heroin, and Drug Dealing in Cocaine. Leatherbury was also indicted on four counts of Endangering the Welfare of a Child.

(2)    In June 2013, Leatherbury agreed to plead guilty to Drug Dealing in Heroin, Drug Dealing in Cocaine, and one count of Endangering the Welfare of a

Child.  In return, the State agreed to enter a *nolle prosequi* on the other charges in the indictment.  The parties agreed to immediate sentencing, and Leatherbury agreed to be sentenced as a habitual offender for Drug Dealing in Heroin.  The Superior Court sentenced Leatherbury to a total of thirteen years at Level V suspended after four years and successful completion of the Greentree and Crest Programs for three years of probation.  Leatherbury did not appeal his convictions or sentence.

(3)  Eight months later, in February 2014, law enforcement launched an investigation into criminal misconduct in the Controlled Substances Unit of the Office of the Chief Medical Examiner ("OCME").  News of the investigation prompted many defendants to seek review of their drug convictions.

(4)  Leatherbury filed a motion for postconviction relief in May 2014.  Leatherbury alleged that his guilty plea was invalid because of the OCME investigation, and that his defense counsel was ineffective because he had failed to inform him that the OCME was "corrupt."  The Superior Court appointed counsel to represent Leatherbury and directed counsel to file any necessary amendments to the postconviction motion.

(5)  Leatherbury's postconviction counsel ("Postconviction Counsel") submitted a letter informing the Superior Court that amendments to the postconviction motion were unnecessary.  Leatherbury's defense counsel

2

("Defense Counsel") then filed an affidavit responding to the allegation of ineffective assistance of counsel. Defense Counsel stated that he had not advised Leatherbury of the OCME investigation because the investigation had not yet occurred when Leatherbury pled guilty. The State filed a response to the allegation that Leatherbury's guilty plea was invalid because of the OCME investigation.

(6) By order dated May 18, 2015, the Superior Court denied Leatherbury's postconviction motion as without merit. This appeal followed.

(7) On appeal, Postconviction Counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c).[1] Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel represents that he provided Leatherbury with a copy of the motion to withdraw, the no-merit brief in draft form, and a letter explaining that Leatherbury had a right to submit written points to include in the brief filed with the Court. Leatherbury did not respond to Postconviction Counsel's letter and did not submit written points for the Court's consideration. The State has responded to the position taken by Postconviction Counsel and has moved to affirm the Superior Court's judgment.

(8) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing appeals without merit).

3

a conscientious examination of the record and the law for arguable claims.[2]  Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(9)  After carefully reviewing the parties' positions and the record on appeal, the Court concludes that the Superior Court did not abuse its discretion or commit an error of law when denying Leatherbury's motion for postconviction relief.[4]  Leatherbury did not demonstrate that Defense Counsel's representation fell below an objective standard of reasonableness, and Leatherbury did not allege that, had news of the OCME investigation emerged before June 2013, he would not have pled guilty but would have insisted on going to trial.[5]  Also, Leatherbury pled no facts suggesting that the OCME investigation rendered his guilty plea involuntary or that he was unjustly convicted. Had he done so, the Court has considered and rejected similar claims raised by other defendants in prior appeals.[6]

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson v. Ohio*, 488 U.S. at 81.

[4] We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.  *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] When considering the merit of an ineffective counsel claim in the context of a guilty plea, we determine whether the appellant demonstrated that, but for the alleged errors of defense counsel, the appellant would not have pled guilty but would have insisted on going to trial.  *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[6] *Ira Brown v. State*, 108 A.3d 1201, 1206 (Del. 2015); *Carrero v. State*, 2015 WL 3367940, at *2 (Del. May 21, 2015); *Patrick Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015); *McMillan v. State*, 2015 WL 3444673, at *2 (Del. May 27, 2015); *Anzara Brown v. State*, 117

4

(10) Having found "no nonfrivolous issue for appeal,"[7] the Court concludes that Leatherbury's appeal is "wholly without merit."[8] The Court is satisfied that Postconviction Counsel made a conscientious effort to examine the record and the law and properly determined that Leatherbury could not raise a meritorious claim on appeal from the denial of postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

A.3d 568, 581 (Del. 2015); *Brewer v. State*, 2015 WL 4606541, at *3 (Del. July 30, 2015); *Aricidiacono v. State*, 125 A.3d 677, 681 (Del. 2015); *Eric Jones v. State*, 2015 WL 6164086, at *3 (Del. Oct. 20, 2015); *Dustin Jones v. State*, 2015 WL 6746873 (Del. Nov. 4, 2015); *Turnage v. State*, 2015 WL 6746644, at *2 (Del. Nov. 4, 2015).
[7] *Penson v. Ohio*, 488 U.S. at 80.
[8] *Supra* note 1.

5