Furthermore, Davis's argument that an acceptance email that did not match Christiana Care's settlement offer word-for-word was a counteroffer is without merit.[31] The IAB was within its discretion to reject that argument because the final settlement agreement signed by Davis contained the precise term he claims to have desired to exclude. Specifically, the compensation agreement provided, "Nature/Part of Body: lumbar spine contusion, resolved."[32] Thus, the parties created a valid and enforceable settlement agreement, which provided that Davis's back injuries were "resolved" as of February 27, 2013. That agreement was neither an admission of liability on Christiana Care's part nor a commutation of benefits.[33] Rather, the settlement agreement that Davis's counsel negotiated and he signed was an acknowledgement that any back injury Davis suffered as a result of

and the dispute would therefore have been no resolution at all. The IAB was well within its discretion to conclude that Davis's written acceptance broadly indicating that the settlement would resolve all claims pending before the Board, and the signed agreement clearly noting that Davis's contusion was "resolved," meant that Davis could not bring future claims contending that any injury from the fall was causing him further compensable costs of any kind.

At oral argument, counsel for Davis could not remember exactly what claims Davis was making as of the time of settlement. The record reveals that they were broad and included both "total disability benefits" and "partial disability benefits." Industrial Accident Board Pre–Trial Memorandum, No. 1387075, at 2 (Feb. 19, 2013). This context supports the IAB's conclusion that Christiana Care was willing to provide Davis with limited relief it did not believe he deserved (payment of medical costs that Christiana Care actually contended were attributable to both pre-existing and subsequent non-work injuries to Davis's lower back) in order "to avoid the need for a Hearing on the Petition and incur-

his fall was resolved and that his claims against Christiana Care were limited to those for outstanding medical treatment incurred before February 27, 2013.

Therefore, the judgment of the Superior Court of February 27, 2015 is reversed, and the Industrial Accident Board's order of May 15, 2014 is reinstated.

**Jaquita TURNAGE, Defendant Below–Appellant,**

**v.**

ring the associated litigation costs/expenses." IAB Order at 4.

31. Davis argues "that the parties did not have a meeting of the minds on all material terms of the settlement agreement because the acceptance was not on identical terms to the offer" and thus that Davis's "settlement email constituted a counteroffer." Answering Br. at 16.

32. App. to Opening Br. at 32 (Office of Workers' Compensation Agreement as to Compensation, May 21, 2013).

33. The Superior Court noted that Delaware's workers' compensation statute permits an employer and employee to settle their case through commutation. *See* 19 *Del. C.* § 2358. This statute permits, with IAB approval, the employer to pay the employee "one large lump sum payment instead of many small monthly payments that may extend for years." *Ciabattoni*, 716 A.2d at 157. We agree with Christiana Care that the settlement did not involve a commutation of benefits because Christiana Care never agreed that the benefits were due and was not seeking to commute in the sense that the statute means.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 356, 2015

Supreme Court of Delaware.

Submitted: August 26, 2015

Decided: November 4, 2015

Court Below: Superior Court of the State of Delaware, in and for Kent County Cr. ID No. 1307002341

AFFIRMED.

■

Dustin JONES, et al., Defendants
Below–Appellants,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 67, 2015

Supreme Court of Delaware.

Submitted: November 4, 2015

Decided: November 4, 2015

Court Below: Superior Court of the State of Delaware, in and for Sussex County

AFFIRMED.

■

SIERRA CLUB and Delaware
Audubon, Appellants
Below–Appellants,

v.

DELAWARE DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL and Delaware City Refining Company, LLC, Appellees Below–Appellees.

No. 216, 2015

Supreme Court of Delaware.

Submitted: November 4, 2015

Decided: November 5, 2015

Court Below: Superior Court of the State of Delaware, in and for New Castle County, No. N13A–09–001 ALR and No. N14A–05–002 ALR

AFFIRMED.

■

James CLAY, Petitioner
Below–Appellant,

v.

Warden G.R. JOHNSON, Respondent
Below–Appellee.

No. 213, 2015

Supreme Court of Delaware.

Submitted: October 7, 2015

Decided: November 5, 2015

Court Below: Superior Court of the State of Delaware in and for Sussex County, No. 13110017689

AFFIRMED.

