IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANK M. ROSS<br>AKA MELVIN ROSS, | § § § | No. 274, 2015 |
| Defendant Below-Appellant, | § | |
| v. | § § § | Court Below: Superior Court<br>of the State of Delaware,<br>in and for Kent County |
| STATE OF DELAWARE, | § § | Cr. ID. 1201006997 |
| Plaintiff Below-Appellee. | § | |

Submitted: November 18, 2015
Decided: November 18, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## O R D E R

This 18th day of November 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) In this appeal, a defendant who knowingly and freely pled guilty to crimes involving the possession of illegal substances challenges his conviction by pointing to the investigation at the Office of the Chief Medical Examiner (the "OCME"). Ross pled guilty to drug dealing and possession of firearm ammunition on January 24, 2012. On April 27, 2015, he filed his second Rule 61 motion for postconviction relief.

(2) The Superior Court correctly determined that Ross's motion for postconviction relief is barred by Rule 61(i)(1) and (2).[1] First, Ross filed the motion

---

[1] *State v. Ross*, Cr. ID.1201006997 (Del. Super. May 6, 2015).

more than one year after his guilty plea, rendering his motion time-barred.[2] Second, Ross's successive Rule 61 motion is procedurally barred because i) he pled guilty and was thus not "convicted after a trial"; and ii) he pleads neither "that new evidence exists that creates a strong inference that [he] is actually innocent" nor "that a new rule of constitutional law" applies.[3]

(3) Further, Ross's argument that Rule 61 is unconstitutional fails for the reasons we articulated in our recent decision in *Turnage v. State*.[4] Thus, the Superior Court properly held that Ross's petition was procedurally barred.

(4) But in any event, Ross's Rule 61 motion lacks merit because Ross has not pled any basis to avoid the effect of his voluntary and knowing plea of guilty and he has not suffered an unjust conviction. Indeed, Ross does not now contend that he was wrongly convicted or that he pled falsely when he admitted his actual guilt. Thus, Ross's Rule 61 motion is without merit for the reasons discussed in our decisions in, among other cases, *Ira Brown v. State*,[5] *Anzara Brown v. State*,[6] and *Aricidiacono v. State*.[7]

---

[2] *See* Super. Ct. Crim. R. 61(i)(1) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . .").

[3] Del. Super. Ct. Crim. R. 61(d)(2); *see also* Super. Ct. Crim. R. 61(i)(5) (explaining that Rule 61's bars to relief do not apply to a claim that satisfies Rule 61(d)(2)).

[4] *See Turnage v. State*, 2015 WL 6746644, at *1 (Del. Nov. 4, 2015) (rejecting this identical argument); *see also Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 89 (2009) ("States are under no obligation to provide mechanisms for postconviction relief . . . ."); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide [post-conviction] relief . . . .").

[5] 108 A.3d 1201, 1205–06 (Del. 2015).

[6] 117 A.3d 568, 581 (Del. 2015).

[7] __ A.3d __, 2015 WL 5933984, at *3–4 (Del. Oct. 12, 2015); *see also State v. Jones*, 2015 WL 6746873, at *1 (Del. Nov. 4, 2015); *Turnage*, 2015 WL 6746644, at *2; *Brewer v. State*, 2015 WL 4606541, at *2–3 (Del. July 30, 2015); *McMillan v. State*, 2015 WL 3444673, at *2 (Del.

And, Ross's possession of firearm ammunition charge had no connection to any events at the OCME.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of May 6, 2015 is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

May 27, 2015); *Patrick L. Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015); *Carrero v. State*, 2015 WL 3367940, at *2 (Del. May 21, 2015).