IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD CLARK, et al. | § | |
| | § | No. 218, 2015 |
| Defendants Below-Appellants, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | |
| Plaintiff Below-Appellee. | § | |

Submitted:   November 18, 2015
Decided:     November 18, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 18th day of November 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)  In this appeal, defendants who knowingly and freely pled guilty to crimes involving the possession of illegal substances again challenge their convictions by pointing to the investigation at the Office of the Chief Medical Examiner.  As the Superior Court properly found, each of the defendants' petitions is procedurally barred under Rule 61.[1]

(2)  Not only that, the defendants' belated challenge to the propriety of the new form of Rule 61 is without merit because, as we noted in *Turnage v. State*[2] when rejecting

---

[1] *Clark v. State*, C.A. No. 0912006119 (Del. Super. Apr. 10, 2015).
[2] 2015 WL 6746644, at *1 (Del. Nov. 4, 2015).

an identical challenge, i) states need not even provide any form of post-conviction relief,[3] and ii) the amended Rule 61 provides not only an opportunity for first review, but allows for a second petition in compelling circumstances, such as when a defendant has been convicted after trial and new evidence emerges of actual innocence.[4]  Here, the defendants do not even contend that they were wrongly convicted or that they pled falsely when they admitted their actual guilt.  Thus, even if they were not procedurally barred, their petitions are without merit on the basis of our decisions in, among other cases, *Ira Brown v. State*,[5] *Anzara Brown v. State*,[6] and *Aricidiacono v. State*.[7]

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of dismissal of April 10, 2015 is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 89 (2009) ("States are under no obligation to provide mechanisms for postconviction relief . . . ."); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide [post-conviction] relief . . . .").

[4] *See* Super. Ct. Crim. R. 61(d)(2) ("A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent . . . ; or (ii) pleads with particularity a new rule of constitutional law . . . applies to the movant's case and renders the conviction or death sentence invalid.").

[5] 108 A.3d 1201, 1205–06 (Del. 2015).

[6] 117 A.3d 568, 581 (Del. 2015).

[7] __ A.3d __, 2015 WL 5933984, at *3–4 (Del. Oct. 12, 2015); *see also State v. Jones*, 2015 WL 6746873, at *1 (Del. Nov. 4, 2015); *Turnage*, 2015 WL 6746644, at *2; *Brewer v. State*, 2015 WL 4606541, at *2–3 (Del. July 30, 2015); *McMillan v. State*, 2015 WL 3444673, at *2 (Del. May 27, 2015); *Patrick L. Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015); *Carrero v. State*, 2015 WL 3367940, at *2 (Del. May 21, 2015).

2