IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE WILLIAMS, et al., | § | |
| | § | No. 103, 2015 |
| Defendants Below-Appellants, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below-Appellee. | § | |

Submitted:  December 2, 2015
Decided:  December 2, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## O R D E R

This 2nd day of December 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)  These Rule 61 petitioners sought relief in the Superior Court because of the evidence-handling problems that were discovered at the Office of the Chief Medical Examiner.  As in many prior cases, these petitioners all pled guilty and admitted to crimes involving the possession of illegal substances.  These petitioners did not raise any new arguments, but instead rehashed arguments made and rejected in other cases.  The Superior Court properly dismissed their petitions as untimely under Rule 61.[1]  On appeal, the petitioners also reiterate arguments that this Court has considered and found lack merit in other recent cases.

---

[1] *Williams v. State*, Cr. ID.1004003733 (Del. Super. Feb. 12, 2015).

(2)  The petitioners' arguments that the new form of Rule 61 is unconstitutional or unfairly retroactive to them are without merit.[2]  Even if the petitioners' claims were not procedurally barred, they lack substantive merit as each of them freely pled guilty and were not coerced in any way into doing so.  This Court has fully considered identical arguments before in *Ira Brown v. State*,[3] *Anzara Brown v. State*,[4] and *Aricidiacono v. State*,[5] and adheres to those prior decisions.[6]

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of February 12, 2015 is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *See Turnage v. State*, 2015 WL 6746644, at *1 (Del. Nov. 4, 2015) (rejecting this identical argument); *see also Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 89 (2009) ("States are under no obligation to provide mechanisms for postconviction relief . . . ."); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide [post-conviction] relief . . . .").

[3] 108 A.3d 1201, 1205–06 (Del. 2015).

[4] 117 A.3d 568, 581 (Del. 2015).

[5] __ A.3d __, 2015 WL 5933984, at *3–4 (Del. Oct. 12, 2015).

[6] *See also State v. Jones*, 2015 WL 6746873, at *1 (Del. Nov. 4, 2015); *Turnage*, 2015 WL 6746644, at *2; *Brewer v. State*, 2015 WL 4606541, at *2–3 (Del. July 30, 2015); *McMillan v. State*, 2015 WL 3444673, at *2 (Del. May 27, 2015); *Patrick L. Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015); *Carrero v. State*, 2015 WL 3367940, at *2 (Del. May 21, 2015).

2