IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMAAR BANKS, ET AL., | § | |
| | § | No. 365, 2015 |
| Defendants Below, | § | |
| Appellants, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Kent County |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID. No. 1211016583, et al. |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 9, 2015
Decided: December 9, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## **O R D E R**

This 9th day of December 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) In these consolidated appeals, defendants who knowingly and freely pled guilty to crimes involving the possession of illegal substances challenge their convictions by pointing to the 2014 investigation at the Office of the Chief Medical Examiner (the "OCME"). None of the defendants now contend that they were wrongly convicted or that they pled falsely when they admitted their actual guilt. Instead, the defendants allege that the unknown problems at the OCME somehow rendered their guilty pleas

involuntary. The Superior Court, relying on this Court's decision in *Ira Brown v. State*,[1] denied the defendants' motions.[2]

(2) The State is correct that the Superior Court should have applied Rule 61's procedural bars as to many of the defendants. Twenty-seven of the forty-five defendants filed their Rule 61 motions after the one year time limit established in Rule 61(i)(1).[3] Because none of these defendants pleads "that new evidence exists that creates a strong inference that [he] is actually innocent" or "that a new rule of constitutional law" applies, each of these twenty-seven motions are thus time-barred.[4]

(3) In any event, all of the defendants' Rule 61 motions, including those that are not procedurally barred, lack merit under our precedent. Specifically, none of the defendants have pled any basis to avoid the effect of their voluntary and knowing plea of guilty and none has suffered an unjust conviction. Indeed, many of the defendants pled guilty before the OCME did any testing in their case. Thus, the Superior Court's decision aligns with our decisions in, among other cases, *Ira Brown v. State*, *Anzara Brown v. State*,[5] and *Aricidiacono v. State*.[6]

---

[1] 108 A.3d 1201, 1205–06 (Del. 2015).

[2] *State v. Anderson*, 2015 WL 2067158 (Del. Super. Apr. 20, 2015).

[3] *See* Del. Super. Ct. Crim. R. 61(i)(1) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . .").

[4] Del. Super. Ct. Crim. R. 61(d)(2); *see also* Super. Ct. Crim. R. 61(i)(5) (explaining that Rule 61's bars to relief do not apply to a claim that satisfies one of these two conditions).

[5] 117 A.3d 568, 581 (Del. 2015).

[6] __ A.3d __, 2015 WL 5933984, at *3–4 (Del. Oct. 12, 2015); *see also State v. Jones*, 2015 WL 6746873, at *1 (Del. Nov. 5, 2015); *State v. Turnage*, 2015 WL 6746644, at *2 (Del. Nov. 4, 2015); *Brewer v. State*, 2015 WL 4606541, at *2–3 (Del. July 30, 2015); *McMillan v. State*, 2015 WL 3444673, at *2 (Del. May 27, 2015); *Patrick L. Brown v. State*, 2015 WL 3372271, at *2 (Del. May 22, 2015); *Carrero v. State*, 2015 WL 3367940, at *2 (Del. May 21, 2015).

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment of April 20, 2015 is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice