IN THE SUPREME COURT OF THE STATE OF DELAWARE

SHAMUS ROWLEY,                           §
                                         §
   Defendant Below,         §  No. 520, 2015
   Appellant,                §
                                         §  Court Below—Superior Court
   v.                        §  of the State of Delaware
                                         §
STATE OF DELAWARE,                       §  Cr. ID No. 1105014800
                                         §
   Plaintiff Below,          §
   Appellee.                 §

Submitted:  December 17, 2015
Decided:    February 15, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 15th day of February 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Shamus Rowley, filed this appeal from the Superior Court's denial of his Motion for Rule 33 Newly Discovery Evidence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Rowley's opening brief that his appeal is without merit. We agree and affirm.

(2)   On June 26, 2012, Rowley pled guilty to Possession with Intent to Deliver Cocaine and Possession of a Firearm by a Person Prohibited. Rowley was

sentenced to twenty-three years of Level V incarceration, suspended after eleven years for decreasing levels of supervision. Rowley did not appeal the Superior Court's judgment.

(3) On March 14, 2013, Rowley filed his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The Superior Court denied the motion in an opinion dated January 13, 2014. Rowley did not appeal the Superior Court's judgment. On June 13, 2014, Rowley filed a motion to amend based upon evidence of misconduct at the Office of the Chief Medical Examiner ("OCME"). The Superior Court denied the motion.

(4) On August 17, 2015, Rowley filed a motion styled as a "Motion for Rule 33 Newly Discovered Evidence." The Superior Court denied the motion on the grounds that the evidence Rowley relied upon related to a different case and Rowley restated arguments that the Superior Court had already rejected. This appeal followed.

(5) As he did below, Rowley claims: (i) he would not have pled guilty had he known of the misconduct at the OCME; (ii) the State violated *Brady v. Maryland*[1] by failing to disclose the misconduct at the OCME; and (iii) he was entitled to discovery and an evidentiary hearing under Rule 61. To the extent Rowley has moved for a new trial based on newly discovered evidence under

---

[1] 373 U.S. 83 (1963).

Superior Court Criminal Rule 33 ("Rule 33"), he ignores that he entered guilty pleas and did not have a trial. Rule 33 "plainly contemplates that the defendant must have had a previous 'trial' before either a judge or jury."[2]

(6) Even if Rule 33 did apply to guilty pleas, Rowley's claim would be time-barred. "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment."[3] The judgment in Rowley's case became final in 2012, but Rowley did not file his motion for a new trial until 2015.

(7) To the extent Rowley seeks relief under Rule 61, that claim is procedurally barred. Under Rule 61, a second or subsequent motion for postconviction relief will be summarily dismissed, unless the movant was convicted after trial and pleads with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable.[4] Rowley pled guilty and did not plead with particularity the existence of new evidence creating a strong inference of actual innocence or a new rule of constitutional law that was retroactively applicable. Even if Rowley's claims were not procedurally barred under Rule 61, we have

---

[2] *Collins v. State*, 1994 WL 329990, at *1 (Del. June 27, 1994) (affirming Superior Court's denial of a motion for a new trial on ground that movant entered guilty pleas and did not have a trial).

[3] Super. Ct. Crim. R. 33. *See also Maxion v. State*, 686 A.2d 148, 151 (Del. 1996) ("the Superior Court lacked jurisdiction to entertain [the defendant's] untimely motion and properly exercised its discretion in denying the motion.").

[4] Super. Ct. Crim. R. 61(d)(2).

previously rejected similar claims.[5] We conclude therefore that the Superior Court did not err in denying the motion styled as a "Motion for Rule 33 Newly Discovered Evidence."

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *See, e.g., Jones v. State*, 2015 WL 6746873, at *1 (Del. Nov. 4, 2015) (finding that even if defendants' OCME-related claims were not procedurally barred under Rule 61, "in any event, under our precedent, the petitions lack merit as none of the defendants have pled any basis to avoid the effect of their voluntary and knowing plea of guilty and none has suffered an unjust conviction"); *Turnage v. State*, 2015 WL 6746644, at *2 (Del. Nov. 4, 2015) (concluding that even if defendant's OCME-related claims were not procedurally barred under Rule 61, those claims were without substantive merit under *Ira Brown v. State*, 108 A.3d 1201 (Del. 2015) and *Aricidiacono v. State*, 125 A.3d 677 (Del. 2015)); *Aricidiacono v. State*, 125 A.3d 677, 679-81 (Del. 2015) (rejecting defendants' argument that their ignorance of problems at the OCME at the time of their guilty pleas rendered their guilty pleas involuntary under *Brady v. United States*, 397 U.S. 742 (1970)); *Ira Brown v. State*, 108 A.3d 1201, 1202-03 (Del. 2015) (finding that when defendant admitted in colloquy that he possessed drugs, "the OCME investigation provides no logical or just basis to upset his conviction" under *Brady v. Maryland*, 373 U.S. 83 (1963)).