IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL D. JONES, | § | |
| | § | No. 48, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1212012398, |
| | § | 1212013888, 1212018608, |
| Plaintiff Below- | § | 1310006358 and 1310006438 |
| Appellee. | § | |

Submitted: March 17, 2016
Decided: May 16, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 16th day of May 2016, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) The appellant, Daniel Jones, filed this appeal from the Superior Court's denial of his motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jones' opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Jones pled guilty on December 31, 2013 to three counts of Burglary in the Second Degree, three counts of Burglary in the Third Degree, and one count of Theft from a Senior. The State moved to

declare Jones to be a habitual offender under 11 *Del. C.* § 4214(a). After a presentence investigation, the Superior Court declared Jones to be a habitual offender as to two of his convictions for second degree burglary. Because second degree burglary is defined as a "violent felony,"[1] the Superior Court imposed the statutory maximum term of incarceration of eight years for each of those convictions as required by Section 4214(a).[2] In total, the Superior Court sentenced Jones to thirty-five years at Level V incarceration, to be suspended after serving nineteen years in prison for decreasing levels of supervision. Jones did not appeal.

(3) On August 10, 2015, Jones filed his first motion for postconviction relief under Superior Court Criminal Rule 61. Although Jones' motion listed three grounds for relief, all three grounds challenged the legality of his habitual offender sentence for second degree burglary. The gist of Jones' argument in the Superior Court was that the classification of second degree burglary as a violent felony violated his constitutional right to due process. The Superior Court summarily dismissed Jones' motion. This appeal followed.

---

[1] 11 *Del. C.* § 4201(c) (2015).

[2] *Id.* § 4214(a) (providing that the minimum habitual offender sentence shall be the statutory maximum *if* the felony forming the basis of the State's motion to declare a defendant to be a habitual offender is defined as a "violent felony" under § 4201(c)).

(4) In his opening brief, Jones asserts the same argument that he raised below; namely, that the classification of second degree burglary as a violent felony violates due process. The State has moved to affirm the Superior Court's judgment on several alternative grounds. First, the State asserts that Jones' motion was properly dismissed because his claim of an illegal sentence is not cognizable under Rule 61, which provides a procedure to challenge the legality of a conviction or a capital sentence.[3] Second, the State asserts that, even if Jones' motion was properly filed under Rule 61, the motion was procedurally barred as untimely under Rule 61(i)(1).[4] Finally, the State asserts that Jones' claim of an illegal sentence fails on its merits.

(5) After careful consideration of the parties' filings and the record on appeal, we agree with the State's position that Jones' arguments challenging the legality of his habitual offender sentence were not properly raised in a Rule 61 motion. Rule 61 establishes the procedure for a convicted defendant in the State's custody "to set aside the *judgment of conviction or a sentence of death* on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack

---

[3] *Wilson v. State*, 2006 WL 1291369, *2 (Del. May 9, 2006) (noting that Rule 61(a)(1) allows a defendant to seek to "set aside the judgment of conviction or a sentence of death" and holding that defendant's sentencing claims were not cognizable under Rule 61).

[4] *See* Super. Ct. Crim. R. 61(i)(1) (2016) (providing that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or more than one year after a retroactive right is first recognized).

*upon a criminal conviction or a capital sentence.*"[5] Jones was not sentenced to death, and his Rule 61 motion did not challenge any criminal conviction. His motion only challenged the legality of his habitual offender sentence. Such a claim is properly considered under Superior Court Criminal Rule 35(a), not Rule 61.[6]

(6) Even if Rule 61 did apply, however, it is clear that Jones' motion was untimely under Rule 61(i)(1) and that he failed to overcome this procedural bar under Rule 61(i)(5) by pleading a claim that the Superior Court lacked jurisdiction or a claim that he was actually innocent or that a new, retroactive rule of constitutional law rendered his convictions invalid.[7]

(7) Moreover, even if Jones' claims had been properly raised in a motion to correct his sentence under Rule 35(a), the request for relief had no merit. Jones contends that, under *Johnson v. United States*,[8] his enhanced sentence as a habitual offender violated due process because second degree burglary is not a violent felony. The United States Supreme Court held in *Johnson* that the language defining a violent felony in 18 U.S.C. §

---

[5] Del. Super. Ct. Crim. R. 61(a)(1) (emphasis added).

[6] *Priest v. State*, 2015 WL 7424860, *1 (Del. Nov. 20, 2015).

[7] *See Turnage v. State*, 2015 WL 6746644 (Del. Nov. 4, 2015) (holding in part that the defendant's Rule 61 motion, which was filed after the rule was amended on June 4, 2014, was untimely under Rule 61(i)(1) and the defendant failed to overcome the procedural bar by pleading a claim under Rule 61(i)(5)).

[8] 135 S.Ct. 2551 (2015).

924(e)(2)(B) of the federal Armed Career Criminal Act was unconstitutionally vague.[9] Because the language at issue in *Johnson* does not appear in Delaware's habitual offender statute, 11 *Del. C.* § 4214, this Court has held that the holding of *Johnson* does not apply under Delaware law.[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[9] *Id.* at 2563.

[10] *Anderson v. State*, 2015 WL 9283845, at 2 (Del. Dec. 18, 2015).