IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. HASSETT, III, | § | |
| | § | |
| Defendant Below– | § | No. 187, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0005011315 |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: August 5, 2016
Decided: September 9, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 9th day of September 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, the appellant's response,[1] and the record below, it appears to the Court that:

(1) The appellant, Robert W. Hassett III, filed this appeal from the Superior Court's denial of his third motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hassett's opening brief that his appeal is without merit. We agree and affirm.

---

[1] The Court grants, *nunc pro tunc*, Hassett's motion to file a response to the State's motion to affirm and has considered his response in its decision. Hassett's motion for transcript, motion to compel, motion for counsel, and motion to amend his opening brief are hereby denied.

(2)    In June 2001, a Superior Court jury convicted Hassett of Murder in the First Degree and Possession of a Deadly Weapon during the Commission of a Felony for the stabbing death of his step-mother.[2]  Hassett was nineteen-years-old at the time of the crime. The Superior Court sentenced Hassett to life imprisonment plus a term of twenty years.  This Court affirmed on direct appeal.[3]  Since that time Hassett has filed multiple unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61.[4]

(3)    Hassett filed his third Rule 61 motion in February 2016.  His motion asserted that the procedural bars of Rule 61 should not apply due to equitable tolling.  He further argued that his life sentence is cruel and unusual and violates his due process rights, that he is actually innocent because his drug use and immature brain kept him from forming the requisite intent, and that his trial counsel was ineffective.  The Superior Court rejected Hassett's sentencing claims on the merits and found his other claims to be procedurally barred.  This appeal followed.

(4)    After careful consideration of the opening brief, the State's motion to affirm, and Hassett's reponse, it is clear that the judgment below should be

---

[2] *Hassett v. State*, 2005 WL 1653632, *1 (Del. June 24, 2005).

[3] *Hassett v. State*, 2002 WL 1009861 (Del. May 15, 2002).

[4] *See Hassett v. State*, 2010 WL 3672973 (Del. Sept. 21, 2010) (affirming denial of second motion for Rule 61 relief); *Hassett v. State*, 2005 WL 1653632 (Del. June 24, 2005) (affirming denial of first motion for Rule 61 relief).

affirmed on the basis of, and for the reasons assigned by, the Superior Court in its well-reasoned decision dated March 22, 2016. Although the Superior Court did not explicitly address Hassett's equitable tolling argument, it is settled law that the equitable tolling doctrine does not apply to a motion for postconviction relief.[5] The Superior Court did not err in rejecting Hassett's sentencing claims and in concluding that his third motion for postconviction relief was otherwise untimely and that he had failed to overcome this procedural hurdle.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] *Turnage v. State*, 2015 WL 6746644, *2 (Del. Nov. 4, 2015).