IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE WOOD, | § | |
| | § | No. 474, 2017 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0512020169 (N) |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: April 20, 2018
Decided: May 24, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, the appellant's response, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's decision adopting the Commissioner's well-reasoned report dated June 27, 2017. Contrary to the appellant's argument, the Superior Court properly applied the procedural bars of Superior Court Criminal Rule 61 that were in effect at the time he filed his third motion for postconviction relief.[1] We find no error in the Superior Court's conclusion that the appellant's motion was procedurally barred and that his claims of "new

---

[1] *See Turnage v. State*, 2015 WL 6746644 (Del. Nov. 4, 2015).

evidence" of actual innocence failed to satisfy the standard of Rule 61(d)(2)(i) because, even assuming the unauthenticated evidence was admissible at trial, it was at best impeachment evidence on a tangential issue related to the appellant's employment history.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice