IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GARY W. PLOOF, | § | |
| | § | No. 48, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 111003002 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  September 12, 2018
Decided:    September 18, 2018

Before **VALIHURA**, **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

This 18th day of September, 2018, after careful consideration of the parties' briefs, and the record on appeal, it appears to the Court that the judgment of the Superior Court should be affirmed on the basis of and for reasons stated in its December 28, 2017 Memorandum Opinion and for the additional reasons set forth below.

A motion for post-conviction relief, unless asserting a newly recognized and retroactively applicable right, may not be filed more than one year after the judgment of conviction is final. Appellant Gary Ploof's judgment of conviction became final in 2004, and the second post-conviction relief motion summarily dismissed below was filed in 2014. Therefore, the Superior Court correctly concluded that Ploof's

amended second motion for post-conviction relief was procedurally barred as an untimely and successive motion. We expressly reject Ploof's contention that his 2017 resentencing as a result of our holdings in *Rauf v. State*[1] and *Powell v. State*[2] restarted the post-conviction relief clock with respect to the underlying convictions. And because Ploof did not show that new evidence exists that creates a strong inference that he is actually innocent, the Superior Court's summary dismissal of Ploof's second post-conviction relief motion was proper.

Ploof also claims that the current iteration of Superior Court Criminal Rule 61 is unconstitutional because it fails to provide him an adequate state remedy to address the constitutional violations that allegedly infected his trial. We disagree. We previously addressed this question in *Turnage v. State*,[3] where Turnage argued that the amended Rule 61 denied her due process of law and meaningful access to the courts:

> The United States Supreme Court has held that "[s]tates have no obligation to provide [postconviction] relief."
>
> Thus, Turnage is arguing about the extent to which the State has afforded a right to postconviction relief that it does not have to afford at all. Therefore, the amended Rule 61 provides more due process and access to the courts than is constitutionally required. Moreover, the amended form of Rule 61 still provides a broad right to file a first petition within "one year after the judgment or conviction is final," and even allows successive petitions in the compelling circumstance when

---

[1] 145 A.3d 430 (Del. 2016) (per curiam).
[2] 153 A.3d 69 (Del. 2016 (per curiam).
[3] 2015 WL 6746644 (Del. Nov. 4, 2015) (unpublished table decision).

2

a person "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent" or "that a new rule of constitutional law, made retroactive to cases on collateral review . . . , applies to the movant's case."

As we recognized in *Turnage*, Rule 61 does not foreclose all possibilities of post-conviction relief; it simply requires that such challenges be brought together and filed within a one-year period. Because Rule 61 provides more extensive due process safeguards than are constitutionally required, Ploof's argument is without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice