# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID No. 0804033000 |
| | ) | |
| | ) | |
| CURTIS N. MERCER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: February 13, 2019
Decided: March 26, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S FOURTH MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND MOTIONS FOR AN EVIDENTIARY HEARING AND FOR THE APPOINTMENT OF COUNSEL SHOULD BE DENIED.

James J. Kriner, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Curtis N. Mercer, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 26th day of March 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On January 16, 2009, Defendant Curtis Mercer was convicted of four counts of Rape in the First Degree, one count of Kidnapping in the First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony, one count of Burglary in the First Degree, one count of Tampering with Physical Evidence, one count of Misdemeanor Theft and one count of Terroristic Threatening. On March 6, 2009, Defendant was sentenced to four consecutive life sentences plus nine additional years at Level V.

2. On September 9, 2009, Mercer filed a direct appeal to the Delaware Supreme Court. By Order dated November 25, 2009, the Delaware Supreme Court affirmed the convictions and sentences.[1]

3. On July 6, 2010, Mercer filed his first motion for postconviction relief. In that motion Mercer raised a number of ineffective assistance of counsel claims as well as various other claims.

4. Before ruling on Mercer's first motion for postconviction relief, the Court enlarged the record by directing Mercer's trial counsel to submit an

---

[1] *State v. Mercer,* 2009 WL 4164765 (Del.).

Affidavit responding to Mercer's ineffective assistance of counsel claims. Thereafter, Mercer filed a response thereto.[2]

5. By Order dated December 15, 2010, the Superior Court denied Mercer's motion for postconviction relief.[3] The Superior Court found Mercer's contentions, including his ineffective assistance of counsel claims, to be without merit.

6. Mercer appealed the Superior Court's December 15, 2010 Order denying his first motion for postconviction relief to the Delaware Supreme Court. By Order dated July 20, 2011, the Delaware Supreme Court affirmed the Superior Court's denial of Mercer's motion for postconviction relief.[4]

7. On September 9, 2011, Mercer filed a second motion for postconviction relief. In the second motion, Mercer raised two claims of ineffective assistance of counsel. Specifically, Mercer claimed that his counsel was ineffective for failing to seek the suppression of an in-court identification of Mercer at trial. Mercer also claimed that his counsel was ineffective for failing to "develop and present every issue that held trial error or violated a constitutional right".

---

[2] Superior Court Criminal Rule 61(g)(1).
[3] *State v. Mercer*, 2010 WL 5307842 (Del.Super.).
[4] *State v. Mercer*, 2011 WL 2927774 (Del.).

8. On October 5, 2011, the undersigned Superior Court Commissioner issued her Report and Recommendation recommending that Mercer's second Rule 61 postconviction motion be denied.[5] The Commissioner recommended that the motion be denied on the basis that the claims raised therein were procedurally barred and without merit.[6]

9. By Order dated October 24, 2011, the Superior Court adopted the Commissioner's Report and Recommendation and denied Mercer's second Rule 61 postconviction motion.[7]

10. On August 15, 2017, Mercer filed a third motion for postconviction relief. In the third motion, Mercer claimed that his counsel was ineffective for failing to challenge his alleged illegal seizure and that the trial court erred when allowing his statement taken during that interrogation to be presented as evidence.[8]

11. On November 1, 2017, the undersigned Superior Court Commissioner issued her Report and Recommendation recommending that Mercer's third Rule 61 postconviction motion be summarily dismissed.[9] The Commissioner recommended that the motion be summarily dismissed since

[5] *State v. Mercer*, 2011 WL 4730541 (Del.Super.).
[6] *Id.*
[7] Superior Court Docket No. 60- Order dated October 24, 2011 denying Defendant's Rule 61 motion.
[8] *State v. Mercer*, 2017 WL 7803922 (Del.Super.).
[9] *State v. Mercer*, 2017 WL 7803922 (Del.Super.).

3

Mercer failed to meet the pleading requirements for proceeding with the motion and that the motion was also time-barred and otherwise procedurally barred.[10]

12. By Order dated February 28, 2018, the Superior Court, following a *de novo* review, summarily dismissed Mercer's third motion for postconviction relief for the reasons stated in the Commissioner's Report and Recommendation.[11]

## MERCER'S FOURTH RULE 61 MOTION

13. On February 12, 2019, Mercer filed the subject motion, his fourth motion for postconviction relief. In this motion, Mercer contends that the post-June 2014 revision to Rule 61 should not be applied to his case. In a February 15, 2019 submission, Mercer seeks to hold the Criminal Rules Advisory Committee accountable on behalf of himself and all other "affected class defendants and legal community" for the alleged constitutional violations stemming from the post-June 2014 revision to Rule 61.

14. Essentially Mercer claims that the post-June 2014 revision to Rule 61 violates his and other affected class defendants' due process rights, right to

---

[10] *Id.*

[11] Superior Court Docket No. 67- Order dated February 23, 2018 denying Defendant's third motion for postconviction relief.

4

fair notice, right to meaningful access to the courts, and other constitutional rights.

15. In addition to Mercer's challenge to the post-June 2014 revision to Rule 61, in his fourth motion for postconviction relief, Mercer again seeks to challenge his counsel's effectiveness during the pre-trial and trial phases of his case.

16. Mercer's claims are without merit and his fourth motion for postconviction relief should be summarily dismissed. The Delaware Supreme Court has consistently held that the applicability of the post-June 2014 revision to Rule 61 to all Rule 61 motions filed on or after June 4, 2014, is not in violation of any constitutional rights.[12]

17. In June 2014, Rule 61 was substantially amended. The Order amending Rule 61 provides that: "This amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date.[13]

18. The amendment included, among other things, a new pleading standard for second or subsequent motions for postconviction relief. The new pleading standard- found in Rule 61(d)(2) and incorporated in Rule

---

[12] *Turnage v. State*, 2015 WL 6746644 (Del.); *Ploof v. State*, 2018 WL 4600814 (Del.); *State v. Taylor*, 2018 WL 31999537 (Del.Super.), *aff'd*, 2019 WL 990718 (Del.).
[13] See, Order Amending Super.Ct.Crim.R. 61.

61(i)(2) and (i)(5) provides that any second or subsequent postconviction motion will be summarily dismissed unless the movant was convicted after a trial and the motion either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact; or (ii) pleads with particularity that a new, retroactively applicable constitutional rule applies to the movant's case and renders a conviction invalid.

19.     The post-2014 version of Rule 61 limits the relief provided in the pre-2014 version of Rule 61 of a defendant's right to bring renewed applications for postconviction relief if consideration of the claim is "warranted in the interest or justice" or to prevent "a miscarriage of justice." Accordingly, the previous "miscarriage of justice" and "in the interest of justice" exceptions to the procedural bars of Rule 61 no longer apply.

20.     The Delaware Supreme Court has previously considered challenges to the amended Rule 61 and has consistently held that the post-June 2014 version of Rule 61 is to be applied to all Rule 61 motions filed on or after June 4, 2014. The Delaware Supreme Court has consistently held that the amended Rule 61 does not place any unconstitutional restrictions on a defendant's right to access the courts, does not violate due process, does not violate fair notice, is not impermissibly retroactive, and is not a violation of

any other constitutional rights.[14] The binding Delaware Supreme Court authority on the constitutionality of the post-June 2014 revisions to Rule 61, and its applicability to every Rule 61 filed on or after June 4, 2014, compels the summary dismissal of Defendant's pending Rule 61 motion.

21.    In *Turnage v. State*,[15] the Delaware Supreme Court explained that states have no obligation to provide postconviction relief. Thus, Delaware has afforded a right to postconviction relief that it does not have to afford at all. As such, the amended Rule 61 provides more due process and access to the courts than is constitutionally required.[16]

22.    Moreover, the amended Rule 61 still provides a broad right to file a first petition within one year after the judgment of conviction is final and even allows successive petitions in the compelling circumstance when a person pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent or that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid.[17]

---

[14] *Turnage v. State*, 2015 WL 6746644 (Del.); *Ploof v. State*, 2018 WL 4600814 (Del.); *State v. Taylor*, 2018 WL 31999537 (Del.Super.), *aff'd*, 2019 WL 990718 (Del.).

[15] *Turnage v. State*, 2015 WL 6746644, *1 (Del.)

[16] *Turnage v. State*, 2015 WL 6746644, *1 (Del.)

[17] *Id.*

23.     The amended Rule 61 does not foreclose all possibilities of post-conviction relief; it simply requires that such challenges be brought together and filed within a one-year period.[18]  Any contention that the amended Rule 61 is impermissibly applied retroactively is factually erroneous.  A defendant does not have a right to pursue any postconviction claim indefinitely.[19]  Rule 61 was intended to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions.[20]  Any argument that amended Rule 61 denies a defendant due process of law and meaningful access to the courts is without merit.[21]

24.     Rule 61 as amended on June 4, 2014 has now been in effect for over four and one-half years.  Mercer, as well as the public at large, have now been on notice for over four and one-half years of the rule revision.

25.     The United States Supreme Court has recognized that as postconviction relief motion practice continues to evolve, added restrictions placed on second and subsequent petitions are constitutional and well-within the evolutional process.[22]

---

[18] *Id.*

[19] *Turnage v. State*, 2015 WL 6746644 (Del.); *Ploof v. State*, 2018 WL 4600814 (Del.); *State v. Taylor*, 2018 WL 31999537 (Del.Super.), *aff'd*, 2019 WL 990718 (Del.).

[20] *Ploof v. State*, 2018 WL 4600814 (Del.).

[21] *Turnage v. State*, 2015 WL 6746644 (Del.).

[22] *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

8

26. The federal statute governing the filing of federal habeas corpus petitions was amended in 1996 to include a provision similar to the post-2014 revision to Rule 61 limiting renewed applications for postconviction relief.[23] The United States Supreme Court held that this similar federal provision limiting the filing of successive federal petitions for postconviction relief did not violate the United States Constitution in any respect.[24]

27. Turning to the subject action, all of Mercer's prior Rule 61 motions were properly decided pursuant to the provisions of Rule 61 in effect at the time of the filing of each respective motion. Each of his three previous Rule 61 motions were denied. Mercer's challenges to the enforceability, applicability and constitutionality of the post-2014 version of Rule 61 is denied in light of the binding authority to the contrary.

28. Mercer's third Rule 61 motion was filed in August 2017, over three years after the post-2014 version of Rule 61 had been in effect. That motion was decided pursuant to the post-2014 version of Rule 61. Any objection to the application of Rule 61 should have been made within one year of the revision, by June 2015. It was not made within that one-year period. It was not even made at the time of the filing of Mercer's third motion, in August

---

[23] See, 28 U.S.C. §2244(b) (2016).
[24] *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

9

2017, over three years after the revision was in effect. Mercer did not challenge the enforceability and constitutionality of the post-2014 Rule 61 to his third motion for postconviction relief in August 2017. Instead, Mercer waited until four and one-half years after the rule was revised, to object to its application to him and to others similarly situated.

29. The amended rule was well-established and regularly used by the time Mercer filed this fourth Rule 61 motion. Mercer was well aware of the existence of the amended Rule 61 for years before he filed the subject motion and cannot now complain of any fair notice rights violations.

30. Mercer's challenges to the post-2014 revision to Rule 61 on his own behalf and on behalf of all others is denied in light of the binding authority to the contrary. Any claim against the Delaware Rules Advisory Committee in connection with the post-June 2014 revision to Rule 61 is likewise without merit. Rule 61 was properly revised and was in effect and applicable to all Rule 61 motions filed on and after June 4, 2014.

31. As to Mercer's substantive claims, this motion, like Mercer's third Rule 61 motion, failed to meet the pleading requirements of the post-June 2014 revision to Rule 61 and, therefore, this motion should be summarily dismissed. Mercer's claims in the subject motion stem from facts known to him pre-trial and during trial. Mercer does not have a right to unlimited

opportunities to relitigate his convictions. Mercer does not raise anything new or recently discovered. Mercer does not raise any new evidence at all, let alone new evidence that would create a strong inference that he is actually innocent. In accordance with the mandates of the post-2014 revisions to Rule 61, the Rule 61 in effect at the time of the filing of this motion, Mercer's motion should be summarily dismissed.[25]

32. In addition, Defendant's motion also falls short of other procedural requirements. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[26]

33. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[27] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of new evidence or new rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a

---

[25] Super.Ct.Crim.R. 61(d)(2) & 5; and Rule 61(i).
[26] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[27] Super.Ct.Crim.R. 61(i)(1).

claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[28]

34. This motion, like Mercer's second and third motions, is time-barred, since it was filed well outside the applicable one-year limit. Mercer's final order of conviction was in 2009 and this motion was filed in 2019, about 10 years later. Mercer's claims, at this late date, are time-barred.

35. As previously discussed, Rule 61(i)(2) further precludes this court's consideration of Defendant's motion since Defendant has not satisfied the pleading requirements for proceeding with this motion. Defendant has not established that *new* evidence exists creating a strong inference of Defendant's actual innocence or the existence of a *new* rule of constitutional law made retroactive to this case that would render his conviction invalid.

36. Rule 61(i)(3) and Rule 61(i)(4) also prevent this court from considering any claim raised by Defendant at this late date. Either Mercer previously raised the subject claims in some fashion on direct appeal and/or in his previously filed post-conviction motions and the claims are now barred by Rule 61(i)(4) as previously raised and adjudicated, or Mercer failed to timely raise these claims and they are barred by Rule 61(i)(3).

---

[28] Super.Ct.Crim.R. 61 (effective June 4, 2014).

37. There is no question that Mercer was aware of, had time to, and the opportunity to raise the claims presented herein in a timely filed motion. Mercer's subject claims stem from facts known to him at the time of his arrest in 2008 and at the time of trial in January 2009. There was nothing preventing Mercer from timely raising these claims if he truly believed they were of any merit.

38. Mercer has not established any prejudice to his rights and/or cause for relief. Mercer was provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion on direct appeal and/or in a timely filed first postconviction motion. Any attempt at this late juncture to raise or re-raise a claim is procedurally barred.

## MOTION FOR COUNSEL IS DENIED

39. Mercer's request for the appointment of counsel is denied. Rule 61, as amended effective June 4, 2014, provides that for second and subsequent postconviction relief motions, such as the subject motion, counsel is to be appointed only in limited exceptional situations.[29] Having fully, thoroughly and carefully considered Mercer's motion and the evidentiary record, none of the exceptional circumstances giving rise to the entitlement to the

---

[29] Super.Ct.Crim.R. 61(e)(4).

13

appointment of counsel exist in this case.[30] Since Mercer has failed to overcome the procedural hurdles warranting the appointment of counsel in this untimely, fourth postconviction motion, the appointment of counsel is denied.

## MOTION FOR EVIDENTIARY HEARING IS DENIED

40. Mercer's request for an evidentiary hearing is denied. Following a full, comprehensive and thorough review of the evidentiary record, Mercer's allegations were either reasonably discounted as not supported by the record or not material to a determination of Mercer's claims. It does not appear that an evidentiary hearing will aid in the resolution of this motion and is denied.

## CONCLUSION

41. For all of the foregoing reasons, Mercer's Fourth Motion for Postconviction Relief should be SUMMARILY DISMISSED. Any claim stemming from the applicability, enforceability or constitutionality of the post-2014 revision to Rule 61 to all Rule 61 motions filed on or after June 4, 2014 is without merit.

42. As to the substantive claims raised in the subject motion, Mercer has failed to meet the pleading requirements for proceeding with this fourth

---

[30] Super.Ct.Crim.R. 61(e)(4).

14

motion for postconviction relief. Mercer's motion is also time-barred and otherwise procedurally barred.

43. In light of Mercer's motion being summarily dismissed, Mercer's Motion for the Appointment of Counsel and Motion for an Evidentiary Hearing are DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

oc:    Prothonotary
       Dade D. Werb, Esquire

15