OF THE

CRAIG A. KARSNITZ,
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

November 4, 2019

Augustus H. Evans, Jr.
SBI# 00191247
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Augustus H. Evans, Jr.*, Def. ID# 0609011528A (R-8)

Dear Mr. Evans:

On September 26, 2019, you filed what I am deeming to be your ninth motion for postconviction relief under Superior Court Rule Criminal Rule 61.[1] I am considering two (2) filings at this time:

Motion for Postconviction Relief filed September 26, 2019
Brief in Support of Successive Rule 61 Motion filed October 18, 2019

Superior Court Criminal Rule 61(d)(2) provides:

"A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim

---

[1] There appears to be some confusion about the number of postconviction motions filed. My calculation makes this the ninth, although it could be the tenth or even the eleventh.

that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."

You have failed to meet this Rule 61 standard. Your motion and supporting brief are procedurally barred. Your arguments that the current version of Rule 61 is illegal, unconstitutional or inapplicable to you are without merit.[2] Your Rule 61 motion must be denied as procedurally barred.

IT IS SO ORDERED.

Very truly yours,

Craig a. Karsnitz

cc: Prothonotary's Office
Department of Justice

FILED PROTHONOTARY SUSSEX COUNTY 2019 NOV -4 P 3: 18

---

[2] *Williams v. State,* 129 A.3d 231, 2015 WL 7776322 (Del. Dec. 2, 2015) (TABLE); *Turnage v. State,* 127 A.3d 396, 2015 WL 6746644 (Del. Nov. 4, 2015).