IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUDEAU BROWN, | § | |
| | § | |
| Defendant Below, | § | No. 294, 2020 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No.  1704012399 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  October 28, 2020
Decided:  December 3, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Judeau Brown, appeals the Superior Court's denial of his second motion for postconviction relief filed under Superior Court Criminal Rule 61 ("Rule 61").  The State has filed a motion to affirm the Superior Court's judgment on the basis that it is manifest on the face of Brown's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On May 7, 2018, Brown pleaded guilty to one count of first degree robbery and one count of possession of a firearm during the commission of a felony.

In exchange for his guilty plea, the State *nolle prosequied* an additional charge of first degree robbery as well as charges of first degree assault, home invasion, and second degree conspiracy. The Superior Court sentenced Brown in accordance with the negotiated plea agreement. Brown did not appeal. On April 15, 2019, Brown filed a timely motion for postconviction relief, which the Superior Court denied. We affirmed its denial on appeal.[1]

(3) On June 22, 2020, Brown filed a second motion for postconviction relief under Rule 61 as well as a motion for new trial under Superior Court Criminal Rule 33 ("Rule 33"). In support of his motions, Brown alleged that he had new evidence of his actual innocence. The Superior Court summarily dismissed Brown's motion for postconviction relief as untimely and successive. The Superior Court also denied Brown's Rule 33 motion, noting that Brown's case had been resolved by a guilty plea and had not proceeded to trial. This appeal followed.

(4) We review the Superior Court's denial of a motion for a new trial for abuse of discretion.[2] We also review the Superior Court's denial of postconviction relief for abuse of discretion, although we review questions of law *de novo*.[3] Both the Superior Court and this Court on appeal must first consider the procedural bars of Rule 61 before considering the merits of any of the underlying postconviction

---

[1] *Brown v. State*, 2020 WL 2847866 (Del. June 1, 2020).
[2] *Jones v. State*, 940 A.2d 1, 19 (Del. 2007).
[3] *Urquhart v. State*, 203 A.3d 719, 726 (Del. 2019).

claims.[4] Rule 61(d)(2) provides that a second or subsequent motion for postconviction relief be summarily dismissed unless (i) the movant was convicted after a trial, and (ii) the movant either pleads with particularity that new evidence of actual innocence exists or that a new rule of retroactive constitutional law renders the movant's conviction invalid.[5]

(5) On appeal, Brown argues that the Superior Court abused its discretion by (i) summarily dismissing his second motion for postconviction relief because he professed actual innocence and (ii) denying his motion for a new trial because Rule 33 does not require that a movant was convicted following a trial.[6] Brown's arguments are unavailing.

(6) The Superior Court properly summarily dismissed Brown's second motion for postconviction relief because Rule 61 provides that a second or subsequent postconviction motion may be permitted when a movant offers new evidence of actual innocence *if the movant was convicted after a trial*. To the extent that Brown argues that the United States Constitution permits him to raise a claim of actual innocence in postconviction proceedings even though he pleaded guilty, he

---

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] Del. Super. Ct. Crim. R. 61(d)(2).
[6] Brown also raises a number of other claims that were not presented to the trial court. We will not consider these arguments for the first time on appeal. Del. Supr. Ct. R. 8; *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

is mistaken.[7]  Moreover, a claim of actual innocence is irrelevant in the context of a voluntary guilty plea.[8]  Finally, the Superior Court did not abuse its discretion by denying Brown's motion for a new trial:  "Rule 33 plainly contemplates that the defendant must have had a previous 'trial' before either a judge or a jury."[9]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[7] *Turnage v. State*, 2015 WL 6746644, at *1 (Del. Nov. 4, 2015) (noting that, because the United States Supreme Court has held that states have no obligation to provide defendants with a process for postconviction review, "Rule 61 provides more due process and access to the courts than is constitutionally required.").
[8] *Johnson v. State*, 2008 WL 4830853, at *1 (Del. Nov. 7, 2008).
[9] *Collins v. State*, 1994 WL 329990, at *1 (Del. June 27, 1994).