**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | )   Cr. ID. No. 0703000796 |
| | ) |
| | ) |
| JOSE D. BEZAREZ, | ) |
| | ) |
| Defendant. | ) |

Submitted: June 19, 2020
Decided: June 25, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND

## DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED

Maria T. Knoll, Chief of Appeals, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Jose Bezarez, James T. Vaughn Correctional Center Smyrna, DE, *self-represented.*

**MAYER,** Commissioner

1

This 25th day of June, 2020, upon consideration of Defendant's Motion for Postconviction Relief and Motion for Appointment of Counsel, I hereby recommend that the motions be denied.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

In 2008, Jose D. Bezarez ("Defendant") was convicted of Murder in the First Degree, Felony-Murder, Robbery First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF") and related offenses. Defendant's conviction was affirmed on appeal on October 30, 2009.[1] Defendant filed his first Motion for Postconviction Relief on October 28, 2010 (the "First Motion").[2] Defendant's First Motion presented several claims including allegations of ineffective assistance of counsel. The Superior Court denied the First Motion and the Delaware Supreme Court affirmed the decision.[3]

On July 15, 2019, almost ten (10) years after Defendant's conviction became final, Defendant filed a second Motion for Postconviction Relief (the "Second Motion").[4] Along with the Second Motion, Defendant filed a Motion for the

---

[1] *Bezarez v. State*, 983 A.2d 946, 947 (Del. 2009).

[2] D.I. #s 127 & 128.

[3] D.I. # 145; *Bezarez v. State*, 2012 WL 1390247, at *1 (Del. Apr. 20, 2012).

[4] D.I. # 165.

Appointment of Counsel.[5]  In summary, Defendant's Second Motion asserts the following claims: (1) trial counsel was ineffective for failing to review discovery and apprise him of the case; (2) newly discovered evidence of misfeasance and malfeasance from the State's Firearm's Expert Carl M. Rone entitles Defendant to reopen his case (hereinafter "Ground Two"); (3) Defendant is entitled to relief due to the cumulative prejudicial effect of the errors described; and (4) the interest of justice is not served by his continued incarceration.

The Court directed the State to file a Response to the Second Motion, limited to "Ground Two: Newly Discovered Evidence."[6]  The Court provided Defendant with an opportunity to file a reply.  However, in addition to filing a Reply, Defendant also filed a "Renewed Motion to Appoint Counsel and Expansion of Record Request" (the "Renewed Motion").[7]  Both the Reply and the Renewed Motion present additional arguments that were not part of the Second Motion when filed. After consideration of the record of this matter, I do not believe any further briefing would aid the Court's final decision.

---

[5]  D.I. # 166.

[6]  D.I. # 174.

[7] D.I. # 178.

3

## DEFENDANT'S SECOND MOTION IS PROCEDURALLY BARRED

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[8] Defendant's Second Motion is procedurally barred for several reasons. First, the Second Motion, having been filed more than one year from the date of the Supreme Court's Mandate on direct appeal, is untimely.[9] In addition, unless Defendant is able to meet an exception to the bars, his Second Motion shall be summarily dismissed as repetitive.[10] Defendant was required to include all bases for relief available to him in his First Motion.[11] Defendant asserted ineffective assistance of counsel claims in his First Motion, and any subsequent attacks are now prohibited. Finally, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. To the extent

---

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] Super. Ct. Crim. R. 61(m)(2) and Super. Ct. Crim. R. 61(i)(1). Ineffective assistance of counsel claims are subject to the same time-bar. *See Felton v. State*, 2008 WL 308231 (Del. Feb. 1, 2008). Even assuming application of the previous version of Rule 61, Defendant's motion was filed far beyond the three-year limitation.

[10] Super. Ct. Crim. R. 61(d)(2) & (i)(2)(i).

[11] Super. Ct. Crim. R. 61(i)(2)(ii).

4

Defendant failed to present his claims through the First Motion, or on appeal of that matter, the claims were waived.

Through his Reply and Renewed Motion, Defendant argues that no one knew of the amendment to Rule 61 in June of 2014 and the new version of the rule should not apply retroactively to Defendant. Rather, Defendant advocates for the Court to apply the 2008 version of Rule 61(i)(5) and grant the Motion upon Defendant's demonstration of a colorable claim of a miscarriage of justice. Defendant mistakenly believes that this is an issue of first impression in Delaware.

The order amending Rule 61 provides that "[t]his amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date."[12] Delaware has consistently upheld the application of the 2014 amendment to motions filed after its enactment. *See e.g., Turnage v. State*, 2015 WL 6746644 (Del. Nov. 4, 2015); *Durham v. State*, 2017 WL 5450746 (Del. Nov. 13, 2017); *State v. Taylor*, 2018 WL 3199537 (Del. Super. June 28, 2018).

Further, Defendant was not deprived of a substantial right to pursue his claims because he had the opportunity to submit these claims through his First Motion. The ineffective assistance claims presented on pages 8-9 of Defendant's Reply do not raise any new evidence nor refer to new law, but rather refer to the trial record and

---

[12] Order Amending Super. Ct. Crim. R. 61.

5

perceived errors of counsel at that time. These claims should have been raised when he presented the First Motion. Notably, Defendant filed his Second Motion approximately five (5) years after the amendment in 2014. Defendant's significant delay in challenging the amendment and presenting his claims is indisputably untimely. Application of the amended Rule does not violate Defendant's rights because the rule was well-established and regularly used long before he filed his Second Motion.[13] Having found that the Motion is procedurally barred, the Court must next determine whether Defendant's claims fit within an exception to the bar.

## DEFENDANT'S CLAIM OF NEW EVIDENCE LACKS MERIT

Defendant's sole remaining claim, Ground Two, asserts that the events relating to the State's Firearm's Expert Carl M. Rone ("Rone"), constitutes newly discovered evidence justifying a new trial. To prevail, Defendant must plead with particularity that there is new evidence creating a strong inference that he is actually innocent of the facts underlying the acts leading to the conviction.[14]

The events leading to Defendant's conviction occurred on February 24, 2007. Defendant and a few others confronted three men in a parking lot, and a struggle ensued between Defendant and Maximo Campusano (the "Victim"). The Victim was shot twice and died. Trial began in September of 2008. Defendant do not deny

---

[13] *State v. Taylor*, 2018 WL 3199537 (Del. Super. June 28, 2018).

[14] Super. Ct. Crim. R. 61(d)(2).

6

that the altercation took place or that he was carrying a gun at the time. However, Defendant testified that the gun went off accidentally. He also told police that he had purchased the gun one or two days before the shooting. In response to his testimony, the State countered with evidence that Defendant had fired the same gun into the floor of his mother's apartment a few weeks prior to the shooting. Rone testified that the firearm was in perfect operating condition and that the bullets found at the scene were fired from the recovered firearm. Rone also testified that the projectiles from the February 24, 2007 incident matched those found in Defendant's mother's apartment. Defendant presented his own firearm expert, Frederick Wentling ("Wentling") who conceded that his findings were consistent with Rone's on these latter issues.

In 2018 – ten years after the trial – Rone was convicted of Theft by False Pretense and Falsifying Business Records. Defendant believes, consistent with *Fowler v. State*,[15] that Rone's conviction is newly discovered evidence rendering Defendant's conviction invalid. Defendant's case though is markedly dissimilar from *Fowler*. In the present case, Defendant does not present any reliable credible evidence that Rone's testimony at trial was incorrect or falsified. Defendant admitted at trial that he owned the firearm, that he struggled with the victim, and that

---

[15]  194 A.3d 16 (Del. 2018).

7

the gun "accidentally" fired. In addition, eyewitnesses testified at trial implicating Defendant in the shooting and there was video corroborating the State's case. Defendant's strategy at trial was to acknowledge his involvement in the incident but to argue that he had no intent to fire the gun. Defendant also presented his own firearms expert at trial and effectively cross-examined Rone. Unlike *Fowler*, Rone's testimony was not a key component of identifying the defendant as the perpetrator.[16] Finally, Rone's falsification of payroll records in 2016 and 2017, is sufficiently attenuated from his expert firearms work by both subject matter and time.[17]

Based upon a review of the record in this matter, Defendant has failed to meet the pleading requirements of demonstrating that this "newly discovered evidence" establishes that he is actually innocent of the facts giving rise to the conviction.[18]

---

[16] *George v. State*, 2019 WL 1590631 (Del. Apr. 12, 2019) (citing *Fowler*, 194 A.3d at 19-20, 26).

[17] *See e.g. State v. Pierce*, 2018 WL 47771787 (Del. Super. Oct. 1, 2018) (denying motion in limine to exclude Rone's chain of custody testimony); *Cannon v. State*, 127 A.3d 1164, 1168 (Del. 2015) (affirming dismissal of postconviction relief motion because movant failed to show how evidence of misconduct by Office of Chief Medical Examiner affected his conviction).

[18] *See e.g. State v. George*, 2018 WL 4482504, at *3 (Del. Super. Sept. 17, 2018) (denying motion for postconviction relief on basis that eyewitnesses supported defendant's guilt, the defendant was apprehended with the weapon, and Rone's testimony was "superfluous."), *adopted* 2019 WL 338669 (Del. Super. Jan. 4, 2019), *aff'd* 2019 WL 1590631 (Del. Apr. 12, 2019); *State v. Romeo*, 2019 WL 918578 (Del. Super. Feb. 21, 2019) (denying postconviction motion because the case did not turn on Rone's testimony and the State had sufficient eyewitnesses and uncontroverted evidence). *See also State v. Sykes*, 2017 WL 6205776, at *5 (Del. Super. Dec. 7, 2017), quoting *Phlipot v. Johnson*, 2015 WL 1906127, at *4 (D. Del. 2015) (actual innocence requires a showing that in light of the new evidence no juror acting reasonably would have voted to find defendant guilty beyond a reasonable doubt).

8

## Defendant's Motion for Appointment of Counsel

Pursuant to Superior Court Criminal Rule 61(e)(5), the court "may" appoint counsel for a second postconviction relief motion if it satisfies the pleading requirements of Rule 61(d)(2)(i) or (ii). Defendant's motion does not satisfy these requirements. Therefore, the Motion for Appointment of Counsel should be denied.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED and Defendant's Motion for Appointment of Counsel should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

cc:    Prothonotary
       Maria T. Knoll, Esquire
       Jose Bezarez