# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
           )
      Plaintiff,     )
           )
    v.        )
           )   ID. No. 2212005964
           )
           )
DAVON WHITE,     )
           )
      Defendant.     )

Submitted: June 13, 2025
Decided: September 30, 2025

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Christina Davis, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French Street, 7th Floor, Wilmington, Delaware, Attorney for the State of Delaware.

Davon White, Howard R. Young Correctional Institute, Wilmington, Delaware, *pro se*.

SALOMONE, Commissioner

This 30th day of September, 2025, upon consideration of Defendant's Motion for Postconviction Relief and the record in this case, it appears to the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Defendant Davon White (a/k/a "Devon C. White" or "Trevhon Brown")[1] (hereinafter "White" or "Defendant") was arrested on December 13, 2022, and charged with multiple offenses stemming from allegations of domestic violence against the Defendant's partner.[2] White was indicted by a Grand Jury on April 10, 2023,[3] and charged with one count each of the following offenses: (i) Strangulation, (ii) Aggravated Menacing, (iii) Possession of a Deadly Weapon During the Commission of a Felony, (iv) Assault Third Degree, (v) Unlawful Imprisonment First Degree, (vi) Terroristic Threatening, (vii) Non-Compliance with Bond Conditions, (viii) Harassment, and (ix) Resisting Arrest.

On October 2, 2023, Defendant pleaded guilty to one count each of Strangulation (Class D Violent Felony) and Terroristic Threatening (Class A Misdemeanor).[4] The same day, Defendant was sentenced by this Court to (i) eight

---

[1] *State v. Davon White*, Delaware Superior Court Criminal Docket, ID No. 2212005964 at 19 (hereinafter, "D.I. __").
[2] D.I. 2, D.I. 6.
[3] D.I. 6.
[4] D.I. 18. *See also* unofficial transcript, dated October 2, 2023 (hereinafter, the "Plea Transcript"), provided to the Court for internal use. Any party wishing a copy of the Plea Transcript must request an official copy from the Court.

years at supervision Level V, with credit for 28 days, suspended after two years at supervision Level V, followed by one year at supervision Level III with GPS monitoring, for the Strangulation conviction and (ii) one year at supervision Level V, suspended for one year at supervision Level III, for the Terroristic Threatening conviction.[5] Upon sentencing, a *nolle prosequi* was entered on all remaining charges of the indictment.[6] Defendant did not appeal his initial sentence or conviction.

On June 24, 2024, Defendant was fitted with a GPS ankle monitor prior to his release from incarceration.[7] That same day, within less than two hours of being released, Defendant cut off his GPS tracker.[8] Defendant was recommitted to the Department of Corrections on August 21, 2024,[9] and sentenced regarding his violation of probation on August 28, 2024.[10] On August 30, 2024, Defendant appealed his sentence for violation of probation.[11] On December 12, 2024, while the decision regarding Defendant's appeal of his violation of probation sentence remained outstanding, White filed a *pro se* motion for postconviction relief in this Court.[12]

---

[5] D.I. 19. Plea Transcript at 26-28.
[6] D.I. 19.
[7] D.I. 23.
[8] *Id.*
[9] D.I. 25.
[10] D.I. 25-26.
[11] D.I. 30.
[12] D.I. 37. In a letter to the Defendant, dated January 13, 2025, this Court confirmed receipt of Defendant's motion for post-conviction relief, but explained it lacked jurisdiction until the Delaware Supreme Court issued a decision on the Defendant's Motion for Reduction/Modification

## WHITE'S MOTION FOR POSTCONVICTION RELIEF

White raises three claims of ineffective assistance of counsel in his motion for postconviction relief, which are set forth below.

> Ground One: I was not satisfied with the representation that the Court provided me with. I believe that I would have beat my case if I had adequate representation. I had multiple underlying issues with my attorney during pretrial stages of my case.
>
> Ground Two: Suppression of favorable evidence. There were inconsistencies in the victims [sic] statements therefore rending the statement invalid. It should have been suppressed.
>
> A suppression wasn't put in for the inconsistencies in the victims [sic] statement because my attorney refused to put one in.
>
> Ground Three: Failure to timely Indict. I was indicted past limitation for Information and (or) Indictments in the State of Delaware. I was prejudiced by the State.[13]

Prior to considering the foregoing claims, the Court must determine whether the Defendant has met the procedural requirements of Superior Court Criminal Rule 61 ("Rule 61").

---

of Sentence. *See* D.I. 41. Ultimately, the Delaware Supreme Court denied the motion on June 11, 2025. *See* D.I. 42.

[13] D.I. 37 at 3.

**Rule 61 and Procedural Bars to Relief**

Rule 61 governs the procedures by which an incarcerated individual may seek to have his conviction set aside on the ground that the court lacked jurisdiction or any other ground that is a sufficient factual and legal basis for a collateral attack upon the conviction.[14] That is, it is a means by which the court may correct Constitutional infirmities in a conviction or sentence.[15] "Rule 61 is intended to correct errors in the trial process, not allow defendants unlimited opportunities to relitigate their convictions."[16]

Given that intent, before considering the merits of any claims for postconviction relief, the Court must first determine whether there are any procedural bars to the Rule 61 Motion.[17] Rule 61(i) establishes four procedural bars to postconviction relief.[18] Rule 61(i)(1) requires that a motion for postconviction relief must be filed within one year of a final judgement or conviction.[19] Rule 61(i)(2) bars successive motions for postconviction relief unless certain conditions are met.[20] Pursuant to Rule 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated,

---

[14] Super. Ct. Crim. R. 61(a)(1).
[15] *Harris v. State*, 410 A.2d 500 (Del. 1970).
[16] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[17] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[18] Super. Ct. Crim. R. 61(i)(1)-(4).
[19] Super. Ct. Crim. R. 61(i)(1).
[20] Super. Ct. Crim. R. 61(i)(2).

whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[21]  However, ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[22]  The foregoing bars to relief do not apply either to a claim that the Court lacked jurisdiction or to a claim that satisfies the pleading requirements of Rule 61(d)(2)(i) or (2)(ii).[23]

While this is Defendant's first motion for postconviction relief, it was not timely filed and thus fails to meet the pleading requirements of Rule 61 and must be summarily dismissed.[24]  White pleaded guilty on October 2, 2023.[25]  Rule 61(i)(1) requires postconviction motions to be filed not "more than one year after the judgment of conviction is final ..."[26]  If a defendant does not take a direct appeal,

[21] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).
[22] *Sabb v. State*, 2021 WL 2229631, at *1 (Del. Super. May 28, 2021); *Green v. State*, 238 A.3d 160, 187-88 (Del. 2020); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Super. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[23] Super. Ct. Crim. R. 61(i)(5).  Rule 61(d)(2) provides that a second or subsequent motion under Rule 61 shall be summarily dismissed, unless the movant was *convicted after trial* and the motion "pleads with particularity" that (i) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid." Super. Ct. Crim. R. 61(d)(2).  Defendant cannot avail himself of Rule 61(d)(2) because was not convicted after trial, but rather, pleaded guilty.
[24] Super. Ct. Crim. R. 61(i)(1).
[25] D.I. 18.
[26] Super. Ct. Crim. R. 61(i)(1).

this limitation period "begins thirty days after sentencing."[27]  In the present case, White did not take a direct appeal of his conviction or sentencing pursuant to the plea agreement, and therefore was required to file his postconviction motion on or before November 1, 2024.  He filed his postconviction motion on December 12, 2024, over a month too late.[28]  Therefore, the procedural bar set forth in Rule 61(i)(1) prevents this Court from considering Defendant's postconviction claims on the merits.

Furthermore, White has failed to plead that an exception to the procedural bar set forth in Rule 61(i)(1) applies to his case.[29]  He makes no argument that this Court lacked jurisdiction.[30]  Nor does he assert that "new evidence exists that creates a strong inference" of actual innocence.[31]  Likewise, he has not suggested that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction . . . invalid.'"[32] Even if he had asserted a claim of actual

---

[27] Super. Ct. Crim. R. 61(m)(1).

[28] D.I. 37.  The Defendant acknowledged that his motion was not timely filed in a letter submitted to the Court the same day he filed his postconviction motion. *Id.*

[29] *Turnage v. State*, 127 A.3d 396 (Del. 2015); *see also State v. Roy*, 2016 WL 1621589, at *4 (Del. Super. Apr. 21, 2016).

[30] Del. Super. Ct. Crim. R. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision [i] shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[31] Del. Super. Ct. Crim. R. 61(d)(2)(i).

[32] *Id.* at (d)(2)(ii). *See* also *Id.* at (i)(5).

innocence or a new rule of constitutional law applied to his case, Defendant cannot avail himself of Rule 61(d)(2) because he was not convicted after trial, but rather, pleaded guilty. Therefore, because White has failed to demonstrate that the bar set forth in Rule 61(i)(1) for failing to file his postconviction motion in a timely manner is inapplicable, the procedural bar prevents the Court from considering White's postconviction claims and his motion must be summarily dismissed.[33]

**White's Substantive Claims Have Been Waived**

Notwithstanding the procedural bar preventing this Court from considering the merits of Defendant's postconviction claims, White waived any claims he had for ineffective assistance of counsel upon rendering his guilty plea.

A defendant is bound by his answers on the guilty plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[34] In the subject action, the plea agreement, plea colloquy, and Truth-in-Sentencing Guilty Plea Form indicate that White knowingly, voluntarily, and intelligently entered his guilty plea.[35] During the plea colloquy, the Defendant provided sworn testimony that (1) he reviewed each of the plea agreement,

---

[33] *See State v. Edwards,* 2025 WL 2256284 (Del. Super. Aug. 6, 2025) (summarily dismissing defendant's motion for postconviction relief for being untimely filed); *see also Johnson v. State*, 2025 WL 1113221 (Del. Super. Apr. 14, 2025) (finding the Superior Court did not abuse its discretion when it denied defendant's motion for postconviction relief for being untimely filed).
[34] *State v. Richardson*, 2025 WL 617829, at *3 (Del. Super. Feb. 20, 2025); *State v. Harden,* 1998 WL 735879, at *5 (Del. Super. Jan. 13, 1998); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. Oct. 7, 2008).
[35] Plea Transcript at 4-12.

Immediate Sentencing Form, and the Truth-in-Sentencing Guilty Plea Form,[36] (2) he gave his attorney authority to sign the foregoing documents on his behalf,[37] (3) his attorney addressed any issues, questions, or concerns he had,[38] (4) he was satisfied with his representation[39] and (5) he had not been threatened or forced to plead guilty.[40] White further represented that he understood the Constitutional rights he was giving up by entering the plea and admitted his guilt to the two charges comprising the plea agreement.[41] The Court thereafter found White's plea to be knowing, intelligent and voluntary.[42]

White has not presented any clear, contrary evidence to call into question his testimony at the plea colloquy or answers on the Truth-in-Sentencing Guilty Plea Form. Accordingly, White's valid guilty plea waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[43]

---

[36] *Id.* at 4-10.

[37] *Id.* at 6-7, 9-10.

[38] *Id.* at 5.

[39] *Id.* at 8.

[40] *Id.* at 6.

[41] *Id.* at 7-8, 10-12

[42] *Id.* at 11-12.

[43] *Evans v. State*, 2025 WL 1565409 (Del. Super. June 2, 2025) (affirming judgement of Superior Court and finding defendant entered his guilty plea, knowingly, intelligently, and voluntarily, and therefore waived his claim that counsel failed to investigate and then file a motion to suppress); *Smith v. State,* 2004 WL 120530, at *1 (Del. Supr. Jan. 15, 2004); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. Supr. Aug. 10, 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

# CONCLUSION

For the foregoing reasons, White's Motion for Postconviction Relief should

be **SUMMARILY DISMISSED.**

**IT IS SO RECOMMENDED.**


*/s/ Janine M. Salomone*
The Honorable Janine M. Salomone




oc:  Prothonotary
cc:  The Honorable Patricia A. Winston
     Christina Davis, Esquire, Deputy Attorney General
     Meghan E. Crist, Esquire, Assistant Public Defender
     Davon White, *pro se*